UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X
Jenene Holcomb,

        Plaintiff,

-against-

Optumhealth, Inc. and Unitedhealth Group, Inc.,

        Defendants.
------------------------------------------------------- X

Case No. 20 Civ. 9043 (AKH)(  )

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL, PROPRIETARY, AND PRIVILEGED INFORMATION**

    WHEREAS, Jenene Holcomb ("Plaintiff") and Defendants Optum Services, Inc. (named as "Optumhealth, Inc.") ("Optum") and UnitedHealth Group Incorporated (named as "Unitedhealth Group, Inc.") (collectively, "Defendants" and together with Plaintiff, the "Parties"), consider some of the information sought in discovery or contained in documents being sought in discovery to be of a confidential nature; and

    WHEREAS, the Parties have agreed to the terms included in this Confidentiality Agreement ("Agreement") to permit each other to discover and produce information deemed confidential pursuant to procedures protecting the confidentiality of such information;

    IT IS HEREBY STIPULATED AND AGREED, as follows:

    1.    "Confidential Information," as used herein, means any type of classification of documents or information produced by the Parties, which is in good faith designated as confidential by the Parties due to the confidential, non-public, and sensitive nature of the information, including, but not limited to, Defendants' proprietary business information, deal information, private or sensitive client information, trade secrets, financial data, payroll records,

employee compensation, or other similar information with respect to current or former employees of Defendants, and Plaintiff's financial and medical records.

2.  The designation of "Confidential Information" may be made by marking the document wherein such Confidential Information is contained as "Confidential" or another suitable marking, indicating the confidentiality of the information; or by letter of counsel for the Party indicating, with particularity, which documents or information is sought to be treated as confidential.

3.  Except as provided in Paragraph 4 of this Agreement, "Qualified Person" as used herein means: (a) members of any law firm appearing as counsel for Plaintiff in this action; (b) Plaintiff; (c) any expert witnesses consulted or retained by Plaintiff or Plaintiff's counsel for the purpose of assisting in the prosecution of this action; (d) members of any law firm appearing as counsel for Defendants in this action; (e) Defendants' employees who may need to review Confidential Information in defense of this action; (f) any expert witnesses consulted or retained by Defendants or Defendants' counsel for the purpose of assisting in the defense of this action; and (g) any mediator agreed to by the Parties or appointed by the Court. Any employees and/or any independent contractors of any law firm appearing as counsel for the Parties in this action who have access to Confidential Information covered by this agreement will be instructed by counsel for the Parties regarding this Agreement, and shall abide by its terms and shall be bound by this Agreement to the same extent as if they had executed it as a Qualified Person.

4.  Confidential Information shall be disclosed by the Parties or the Parties' counsel only to Qualified Persons who have read and agreed to be bound by this Confidentiality Agreement, and then only to the extent the Parties and respective counsel in good faith believe such disclosure is reasonably necessary to the prosecution or defense of this litigation.

Confidential Information may also be disclosed to the Court and any court reporter in the context of this litigation. Prior to filing in any court any document or information actually comprising or containing Confidential Information, the Parties agree to confer to determine the best method to attempt to ensure that the document or information remains sufficiently protected. If necessary, a Party may make an application to file the document under seal. Notwithstanding anything herein to the contrary, no Party waives any right to use Confidential Information at trial or in any other court proceedings, or any right to challenge the filing of material under seal at a later date. The Parties specifically reserve the right to withdraw any confidentiality designation on any document or information they produce in this litigation.

5. Confidential Information shall be used only for purposes of this litigation, including any appeals related to this action (not in or for any other administrative, judicial, legislative, or other proceeding) and for no other purpose whatsoever, and shall not be disclosed, given, shown, discussed, or otherwise divulged or communicated to any person, except as provided herein.

6. In the event that a Party disagrees with any designation of Confidential Information pursuant to Paragraph 2 herein or considers it necessary to disclose Confidential Information to a person who is not a Qualified Person, counsel for such Party shall notify opposing counsel in writing of their objection or desire to disclose Confidential Information to a person who is not a Qualified Person. The Parties shall confer and attempt to resolve the matter informally. If they are unable to do so, any Party may make an application to the Court for a determination whether particular documents or other information should be treated as Confidential Information and whether the disclosure of such information shall be permitted. The information in question shall be treated as Confidential Information, subject to the terms of this

Agreement, until the dispute is resolved (either by agreement of counsel for the Parties or by an Order of the Court). The Party seeking to maintain the Confidential Information designation shall at all times have the burden of proof demonstrating the need to maintain information or documents as confidential.

7. Notwithstanding the terms of Paragraphs 3 through 6, counsel for Plaintiff and counsel for Defendants may, in the course of deposing a person who is not a Qualified Person, show the witness Confidential Information and examine the witness concerning such information, provided that: (a) the witness is informed that the information is confidential and is instructed that such confidentiality must be maintained; and (b) no persons are present during those portions of the examination concerning Confidential Information except the witness, the Parties, Qualified Persons, counsel for the Parties, persons present at the request of the Parties or their counsel, a court reporter and, if applicable, a videotape recorder operator.

8. At any deposition, the Parties may, on the record of the deposition or by written notice to opposing counsel within thirty (30) days following receipt of the deposition transcript or videotape, designate portions of the testimony as Confidential Information (as defined in Paragraph 1). Prior to the expiration of said thirty-day period, the transcript and videotape, and the information contained therein, shall be disclosed only to Qualified Persons or the Court and its personnel. All copies of deposition transcripts or videotapes containing portions designated as confidential shall be marked "Confidential" on the cover thereof.

9. Confidential Information disclosed may be copied only to the extent necessary to permit its use in accordance with the terms of this Agreement. Within ninety (90) days of the conclusion of this lawsuit, including exhaustion of all appeals, all Confidential Information, and all documents containing Confidential Information, in the possession of any Qualified Person or

any other person who has received such documents pursuant to this Agreement, shall be returned to counsel for the producing Party, together with all documents, copies, extracts and summaries thereof, or else shall be destroyed. Upon request from the producing Party, such Qualified Person or other person shall certify in writing that all such documents, copies, extracts and summaries have been returned or destroyed. Notwithstanding this provision, following the end of the litigation, counsel for the Parties are permitted to retain attorney work product and a complete archival copy of all documents filed with the Court, deposition and hearing transcripts, exhibits, expert reports, consultant and expert work product, even if such material may contain Confidential Information as long as such material is kept Confidential pursuant to the terms of this Agreement.

10. The disclosure by Plaintiff or Defendants or their counsel of a document or information to a Qualified Person without designating it as Confidential Information shall not constitute a waiver of the Parties' right to designate such document or information as Confidential Information and, if so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Confidentiality Agreement.

11. In the event that a producing Party discovers that it or she has inadvertently produced information and/or documents which are subject to the attorney-client privilege, the work-product doctrine, or any other legal privilege protecting information from discovery, the producing Party shall notify the receiving Party within a reasonable time of the discovery of the error. The receiving Party shall return all copies of the information or documents to the producing Party and destroy any work product reflecting the contents of such materials within ten (10) days of receipt of such notice. No use shall be made of such information or documents during depositions or at trial, nor shall they be disclosed to anyone who was not given access to

them prior to request to return or destroy them. However, within ten (10) days of receipt of such notice, if the receiving Party wishes to challenge the producing Party's assertion of privilege, the receiving Party may, with notice to the producing Party, provide the Court with one copy of the disputed privileged material for in camera review, together with an explanation as to why the document should not be deemed privileged. The producing Party shall then have ten (10) days to make a submission to the Court regarding why the disputed privileged material should be considered privileged. The fact that such privileged documents are produced, inadvertently or otherwise, shall not be construed as a waiver of any applicable attorney-client privilege and/or the work product doctrine.

12. If Confidential Information designated in accordance with the procedures of this Agreement is disclosed to any person other than in the manner authorized by this Agreement, the Party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of all counsel of record, and, without prejudice to other rights and remedies of the provider, make reasonable efforts to prevent further disclosure by it or her, or by the person who received such information.

13. Should any document or information provided pursuant to this Agreement be disclosed, released or used for any purpose in violation of the terms of this Agreement, the Parties will be entitled to apply to the Court for declaratory or injunctive relief, in addition to any remedy available at law, to redress violations of the terms hereof.

14. If a Party is served with a subpoena or a court order issued in another litigation or proceeding that compels disclosure of any information or items designated in this action as "Confidential," that Party must:

      A.      promptly notify the designating Party in writing and include a copy of the subpoena or court order;

      B.      promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Agreement. Such notification shall include a copy of this Agreement; and

      C.      cooperate with the designating Party whose Confidential material may be affected to maintain the confidentiality of the material sought.

15.     This Agreement may be modified by subsequent agreement of the Parties, but only in a written agreement signed by the Parties or their counsel.

16.     The foregoing is without prejudice to the right of any Party hereto to apply to the Court for a lesser or further protective order relating to any document and/or information provided pursuant to this Agreement, and/or to take whatever other steps reasonably necessary to safeguard Confidential Information.

17.     Nothing herein is intended to preclude the Parties from agreeing to other additional measures to protect Confidential Information not specifically set forth herein.

18.     Nothing herein shall prevent any Party from making whatever use of her or its own Confidential documents and/or information that it or she wishes.

19.     This Agreement may be signed on separate signature pages. These separate signature pages will become part of the integrated Agreement. Where convenient for the Parties to do so, signed signature pages may be exchanged through electronic transmission, including through facsimile or email.

20. This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Information is produced or disclosed.

21. This Agreement is governed by and shall be construed in accordance with the laws of the State of New York.

**SO STIPULATED AND AGREED:**

| MICHAEL G. O'NEILL | SEYFARTH SHAW LLP |
|---|---|
| By: *[signature]* | By: *[signature]* |
| Michael G. O'Neill | Cameron Smith |
| 30 Vesey Street, Third Floor | Chryssa V. Valletta |
| New York, New York 10007 | 620 Eighth Avenue |
| Tel: (212) 581-0990 | New York, New York 10018-1405 |
| lawyer@oneilllaw.com | Tel: (212) 218-5500 |
|  | Fax: (212) 218-5526 |
| *Attorneys for Plaintiff Jenene Holcomb* | casmith@seyfarth.com |
|  | cvalletta@seyfarth.com |
|  | *Attorneys for Defendants Optum Services, Inc. and UnitedHealth Group Incorporated* |

SO ORDERED this 7th day of May, 2021

/s/ Hon. Alvin K. Hellerstein
The Honorable Alvin K. Hellerstein
United States District Judge

**EXHIBIT A**

I hereby acknowledge that I, _____, am about to receive information deemed confidential ("Confidential Information") in connection with the action, <u>Jenene Holcomb v. Optumhealth, Inc. and Unitedhealth Group, Inc.</u>, Case 20 Civ. 9043 (AKH) (the "Action"). I have reviewed the Stipulation and Protective Order Regarding Confidential and Proprietary Information ("Protective Order") entered in this Action and I agree to be bound by its terms.

Pursuant to the Protective Order, I understand that any Confidential Information, including any notes or other records that may be made regarding any such materials, shall not be utilized for any purpose or disclosed to any person except as expressly permitted by the Protective Order. I further understand that if I am provided with Confidential Information, I am to retain all copies of all Confidential Information provided to me in a secure manner, and that all copies of such Confidential Information are to remain in my custody until termination of my participation in this Action, whereupon the copies of such Confidential Information will be returned to counsel who provided me with such materials.

I declare under penalty of perjury, under the laws of the State of New York, that the foregoing is true and correct.

Dated: _____ By: _____
                                                Signature

_____
Title

_____
Employer

_____
Address