UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
                                                              :
JENENE HOLCOMB,                                               :
                                                              :   **ORDER GRANTING SUMMARY**
                                        Plaintiff,            :   **JUDGMENT**
                                                              :
        -against-                                             :   20 Civ. 9043 (AKH)
                                                              :
OPTUMHEALTH, INC., and UNITEDHEALTH                           :
GROUP, INC.,                                                  :
                                                              :
                                        Defendants.           :
                                                              :
------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Plaintiff Jenene Holcomb—an African American woman—worked for Defendants as a remote clinical review speech therapist from around November 18, 2018 to January 24, 2020, when her employment was terminated. She filed this lawsuit against her employers alleging race discrimination and retaliation under Title VII, 42 U.S.C. §§ 2000e *et seq*. On September 16, 2022, following discovery, Defendants filed a motion for summary judgement. ECF. No. 35. After hearing arguments from both parties on September 28, 2023, I granted summary judgment in favor of Defendants dismissing the complaint, for the reasons set out in the transcript and summarized below.

        To state a *prima facie* case of race discrimination or retaliation under Title VII, a plaintiff must proffer evidence that (1) she belongs to a protected group; (2) she was qualified for her position; (3) her employer took an adverse action against her; and (4) the adverse action occurred in circumstances giving rise to an inference of race discrimination. *Kirkland v. Cablevision Sys.*, 760 F.3d 223, 225 (2d Cir. 2014). Once established, a presumption of discrimination or retaliation is created and the burden of production shifts to the employer to

articulate some legitimate, nondiscriminatory or nonretaliatory reason for the adverse employment action. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03 (1973). If the employer satisfies that burden, the presumption drops out of the analysis and the burden shifts back to the employee to show that the employer's stated explanation is merely "pretext for race discrimination or retaliation." *Kirkland*, 760 F.3d at 225.

Defendants came forward with a sound and non-pretextual reason for Plaintiff's termination. Around January 15, 2020, Plaintiff opened and downloaded proprietary documents attached to her supervisors' individual work calendars, without authority and without business purpose. Plaintiff's supervisor, Tara Duncan, became aware of the intrusion and reported her findings to UnitedHealth's ethics committee. On January 17, 2023, while the investigation of her behavior was ongoing, Plaintiff emailed Senior Vice President Molly Hardy requesting a confidential conversation regarding "some ongoing human resource concerns that have made [their] work environment uncomfortable." DiNapoli Decl., Ex. E. Hardy and Plaintiff had a call on January 20, 2023, in which she complained about the bias against her "fellow therapists" (without distinguishing between the African American and white therapists on the team). *Id.*

A decision-making committee of four people, helmed by Plaintiff's manager Margaret Peterson, terminated Plaintiff's employment on January 24, 2020. Plaintiff appealed her termination through an internal dispute resolution process. Holcomb Dep. 164:20-165:25. Plaintiff's termination was upheld after a second investigation conducted by leadership from other departments. Polzin Dep. 19:22–20:8; 29:17-31:23.

Plaintiff's race discrimination claim fails at the first step of, and within, the *McDonnell Douglas* framework. Though the first three prongs of the *prima facie* case are clearly satisfied in her favor, her claim fails on the fourth prong – that the adverse action occurred in

2

circumstances giving rise to an inference of race discrimination. Plaintiff offers no evidence of discrimination, or even that Peterson, her manager, knew that she was African American. All her contacts with Peterson were over voice calls, and Plaintiff failed to show any substance to her assertion that her voice typed her as black. Peterson affirmatively stated in her declaration that she did not know Plaintiff's race, and her assertion went unchallenged throughout discovery. Plaintiff had not bothered to take Peterson's deposition. The parties do not dispute that Plaintiff's entire tenure was through voice-only remote work. Plaintiff failed to offer any counter evidence to support her claim. There is no genuine dispute of any material fact.

Plaintiff's retaliation claim also fails: first, she did not complain about race discrimination. Second, her bias complaint was made after the conduct review process was already in motion. Plaintiff asserts that she raised Peterson's alleged race discrimination during her telephone "meeting" with Senior Vice President Molly Hardy on January 22, 2020, but that conversation took place after the process leading to her termination had already began. *See* Compl. ¶¶ 31–32. Plaintiff admits that she did not discuss race or use the words "racial" or "discrimination" in her conversation with Hardy. She claimed her supervisor was "biased" against her and some colleagues in a discussion of two subjects: "the overall culture on the team . . . [and] the low morale." See Holcomb Dep. 136:8–23. Plaintiff failed to offer any evidence that her termination was a result of her complaints regarding race discrimination. *See Risco v. McHugh*, 868 F. Supp. 2d 75, 110 (S.D.N.Y. 2012) ("[g]eneralized complaints about a supervisor's treatment are insufficient" establish a *prima facie* Title VII retaliation claim on summary judgment); *Rojas v. Roman Catholic Diocese of Rochester*, 660 F.3d 98, 108 (2d Cir. 2011) (affirming district court's holding that a generalized complaint is not protected activity

3

under Title VII). This is not enough to overcome the undisputed determination that Defendants' termination grounds were not pretextual.

Accordingly, Defendants' motion for summary judgment is granted. The Clerk is instructed to terminate all open matters, enter judgment in favor of Defendants with costs as taxed by the Clerk, and mark the case closed.

SO ORDERED.

Dated:  October 4, 2023
        New York, New York

_____
ALVIN K. HELLERSTEIN
United States District Judge